FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 11, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIAL J. DUBLIN,<br><br>    Defendant. | NO. 2:13-CR-00029-JLQ-1<br><br>MEMORANDUM OPINION AND ORDER RE: MOTION TO VACATE |

## I. Introduction

BEFORE THE COURT is Defendant Danial Dublin's *pro se* Motion to Vacate (ECF No. 83). On May 4, 2018, the court appointed the Federal Defenders of Eastern Washington and Idaho to represent Defendant. (ECF No. 87). On May 16, 2018, the Government filed a Response to the Motion to Vacate. (ECF No. 89). On June 7, 2018, the Federal Defenders filed a Reply. (ECF No. 90). Oral argument was not requested and the matter was submitted without argument.

## II. Background

On February 21, 2013, Defendant was charged with being a Felon in Possession of Firearm and Ammunition. (ECF No. 1). On April 24, 2013, a Superseding Indictment was returned charging Defendant with two counts of Felon in Possession of Firearm and Ammunition. (ECF No. 37). On May 17, 2013, Defendant pled guilty to being a Felon in Possession of Firearms and Ammunition pursuant to a Fed.R.Crim.P. 11(c)(1)(C) Plea Agreement. (ECF No. 60). On July 16, 2013, Defendant was sentenced to 188 months

ORDER - 1

imprisonment pursuant to the Plea Agreement. (ECF No. 71). At the time of sentencing, Defendant had four prior convictions in the State of Washington for Second Degree Assault with a Deadly Weapon-- two counts in a 1999 case (cause number 99-1-02538-6) and two counts in a 2001 case (cause number 01-1-02837-6). (ECF No. 89-1); (ECF No. 89-2).

The Plea Agreement provided in part: "the Parties believe that the Defendant qualifies for sentencing under 18 U.S.C. § 924(e)(1) as an Armed Career Criminal." (ECF No. 60 at ¶ 1). The Government and Defendant also agreed in the Plea Agreement "to recommend that the court impose a sentence of one hundred eighty-eight (188) months." (ECF No. 60 at ¶ 10). Defendant agreed to waive his right to appeal his conviction and sentence "if the Court imposes a period of incarceration of no longer than one hundred eighty-eight (188) months, imposes a term of supervised release of no longer than five (5) years, and imposes an [sic] special penalty assessment of $100." (ECF No. 60 at ¶ 17). Additionally, the Plea Agreement stated Defendant "expressly waives his right to file any post-conviction motions attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based upon information not now known by the Defendant, and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes the sentence." (ECF No. 60 at ¶ 17).

Defendant was sentenced on July 16, 2013 to the agreed term stated in the Plea Agreement, 188-months. By accepting the Plea Agreement and adopting the Presentence Investigation Report, the court implicitly found Defendant was an Armed Career Criminal subject to a minimum sentence of 15 years up to life imprisonment. See 18 U.S.C. § 924(e)(1). Defendant did not object to the finding of his status as an Armed Career Criminal or argue the second-degree assault convictions were not "violent felonies." No direct appeal from the Judgment or sentence was taken.

ORDER - 2

On February 9, 2016, the court granted the Federal Defenders' *ex parte* Motion for Appointment to investigate whether to file a motion pursuant to 28 U.S.C. § 2255 and *Johnson v. U.S.*, 135 S. Ct. 2251 (2015). (ECF No. 75). On April 1, 2016, appointed counsel, Alison Guernsey, filed an ex parte Motion for Withdrawal. (ECF No. 77). The Motion stated Ms. Guernsey had decided not to file anything, and further stated: "Mr. Dublin is aware that if he intends to proceed with a *pro se* Johnson petition the statutory filing deadline is June 26, 2016." (*Id.* at 2). On May 2, 2016, the court granted the Federal Defenders' Motion for Withdrawal based on the decision not to file a motion on Defendant's behalf based on *Johnson*. (ECF No. 80).

On August 31, 2017, Defendant signed and submitted a *pro se* petition in the Ninth Circuit for leave to file a successive 2255 Motion. (ECF No. 83). Defendant also submitted a copy of his proposed Motion. (ECF No. 83). On April 12, 2018, the Ninth Circuit issued an Order denying the petition as unnecessary since it was Defendant's first 2255 Motion. (ECF No. 82 at 1). The Ninth Circuit transferred the Motion to this court and deemed the Motion filed as of August 31, 2017. (ECF No. 82 at 1-2). The Federal Defenders requested to be appointed as counsel, and the court granted the motion on May 4, 2018. (ECF No. 87). Response and Reply briefs were filed. (ECF No. 89 & 90).

The Defendant's Motion to Vacate alleges "*Johnson* has invalidated Washington's Second Degree Assault as a violent felony, thus making my 188 month sentence in excess of 922(g)'s statutory maximum unconstitutional." (ECF No. 83 at 5). The Motion argues: (1) the Washington Second Degree Assault statute is overbroad and indivisible and cannot be used as a predicate offense under the ACCA; (2) the binding nature of his Plea Agreement does not bar his constitutional claim; (3) enforcing the appellate waiver in his Plea Agreement would result in a miscarriage of justice; and (4) Defendant has acted diligently in pursuing his claim and the Government should waive all procedural arguments.

ORDER - 3

# III. Discussion

## A. Legal Standard

Defendant brings his Motion pursuant to 28 U.S.C. § 2255(a). This statute, by its plain terms, sets forth four available grounds for relief, as stated by the Supreme Court:

> The statute states four grounds upon which relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426-7 (1962). The Supreme Court in *Hill* stated that Congress enacted § 2255 to provide "a remedy exactly commensurate with that which had previously been available by habeas corpus." *Id*. at 427. The Ninth Circuit Court of Appeals has stated: "Because a § 2255 motion is commensurate with habeas relief, it may only be used to collaterally attack a conviction and sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

## B. Timeliness

A motion pursuant to § 2255 must generally be filed within one-year of "the date on which the judgment of conviction becomes final". 28 U.S.C. § 2255(f)(1). Defendant's Judgment was entered on July 16, 2013, and became final shortly thereafter when no direct appeal was filed. The instant Motion was not filed until August 2017, and is therefore untimely under the one-year period of limitations, unless some exception applies. Defendant invokes subsection (f)(3) which allows a defendant to bring a motion within one-year from: "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Defendant also argues for equitable tolling. Under subsection (f)(3) the one-year period runs from the date on which

ORDER - 4

the right was "initially recognized" even if it has not yet been made retroactive. See *Dodd v. United States*, 125 S.Ct. 2478 (2005). *Johnson* was decided on June 26, 2015. The Supreme Court in *Welch v. United States*, 136 S.Ct. 1257 (April 18, 2016), found *Johnson* did apply retroactively to cases on collateral review where a defendant was challenging an enhanced sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Supreme Court held, "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." *Id.* at 1268..

The instant Motion, filed on August 31, 2017, was filed more than two years after *Johnson*, and more than one year after *Welch*. However, when the Federal Defenders asked to be appointed in February 2016, to investigate a potential *Johnson* motion, a § 2255 motion could have been timely filed. In fact, the Federal Defenders moved to withdraw on April 1, 2016, which was before the Supreme Court declared *Johnson* retroactive in its *Welch* decision on April 18, 2016. On or about April 1, 2016, the Federal Defenders erroneously advised Defendant his *Johnson*-based challenge was unlikely to be successful and advised him not to pursue it because it could disrupt his Plea Agreement and expose him to a higher sentence. (See correspondence at ECF No. 83, p. 26 of 40).

Defense counsel's letter expressed an arguable interpretation of the law and analysis of the likelihood of success on a § 2255 motion. Counsel believed, based on *United States v. Jennen*, 596 F.3d 594 (9th Cir. 2010), Dublin could not prevail. However, others at that time were challenging the *Jennen* rationale, and ultimately prevailed in *Robinson,* 869 F.3d 933 (9th Cir. 2017) and *Slade*, 873 F.3d 712 (9th Cir. 2017). In the instant Reply brief, counsel states the "Federal Defender's Office was actually aware of developments in case law supporting challenges to second-degree assault convictions as violent felonies and crimes of violence" at least as early as March 4, 2016. (ECF No. 90, p. 9-10). Counsel contends the advice provided to Dublin in the April 1, 2016 letter was

ORDER - 5

therefore questionable and Dublin relied thereon to his detriment in failing to file a § 2255 petition. (*Id*. at p. 10).

The § 2255 Petition filed on August 31, 2017, is clearly untimely, as it needed to be filed within one year of the *Johnson* decision, issued on June 26, 2015. The issue presented is equitable tolling. Generally, to invoke equitable tolling, a petitioner must show he has been pursuing his rights diligently and some extraordinary circumstance stood in his way. *United States v. Gilbert*, 807 F.3d 1197 (9th Cir. 2015). Mistaken advice by counsel may not qualify as an extraordinary circumstance. In *Gilbert* the court stated: "Assuming that Gilbert's counsel did give erroneous advice on the filing deadline, this is not the kind of extraordinary circumstance that compels equitable tolling." *Id.* at 1202. The Seventh Circuit has similarly concluded a mere mistake by defense counsel in calculating a deadline was not extraordinary or beyond the defendant's control. *Lombardo v. United States*, 860 F.3d 547 (7th Cir. 2017). However, Judge Posner, in dissent, stated defense counsel's reliance on a paralegal to calculate the deadline could rise to the sort of egregious or unprofessional conduct necessary to meet the extraordinary circumstances test.*Id.* at 562.

Courts have also been more likely to recognize equitable tolling when a mistake of law by the court, or misinformation by the court's staff, have contributed to the untimely filing. In *United States v. Buckles*, 647 F.3d 883 (9th Cir. 2013), the Ninth Circuit recognized that if petitioner could establish the clerk's office provided his sister with incorrect information, upon which he relied, he may be able to substantiate his claim for equitable tolling. More recently, a District Court recognized equitable tolling in the somewhat similar context of a § 2255 motion raising a *Johnson* claim. *United States v. Wilson*, 249 F.Supp.3d 305 (D.D.C. 2017). In *Wilson*, the court had appointed the Federal Defenders to investigate potential *Johnson* claims, and set up a protocol where counsel had until Monday, June 27, 2016, to protectively file an abridged motion, and was then

allowed four months to supplement the motion. Appointed counsel filed the motion one-day late. The court stated: "Once the Supreme Court decided *Welch* in March 2016, opening the door for collateral attacks based on *Johnson* 2015, very little time remained for a defendant to file a § 2255 motion. Many defendants who were potentially eligible for relief, including Wilson, were represented at trial by appointed counsel, sentenced many years ago, and no longer had counsel actively representing them." *Id*. at 314. The court then acknowledged appointed counsel filed the motion one day late, but stated: "If that one-day delay precludes defendant from seeking relief and his ACCA sentence is unlawful, he will serve a sentence that is, at a minimum, five years longer than it should be. The doctrine of equitable tolling exists to prevent such unjust outcomes." *Id*.

Dublin is somewhat analogous to Wilson in that he had been sentenced in the years prior to *Johnson* being issued, and was no longer being actively represented by counsel when *Johnson* was handed down in June 2015. Both Wilson and Dublin had counsel appointed to represent them in filing a potential *Johnson* motion. Wilson's counsel filed a motion one-day late, and Dublin's counsel did not file a motion at all. Instead, Dublin's counsel withdrew after advising him that he faced a greater sentencing exposure if he pursued a *pro se* motion. Dublin candidly admitted he was advised he could file a pro se motion, but that he relied on the advice of counsel not to do so, because of the risk of "blowing up" his plea deal. (ECF No. 83, p. 16 of 38). Thus, this is not a situation where counsel merely advised of an incorrect date, but rather counsel's advice actively dissuaded Dublin from pursuing his legal rights.

Defendant contends he diligently pursued his rights. First he contends he "took prompt action in contacting his attorney" to inquire if he had a *Johnson* claim. (*Id*. at 15). After appointed counsel erroneously advised him he did not have a claim, he continued to monitor case developments, and became aware of the issuance of *United States v. Harrison*, 691 Fed.Appx. 440 (9th Cir. May 24, 2017). In *Harrison*, an unpublished

opinion, the Ninth Circuit found Washington's Second Degree Assault statute was overbroad and indivisible and a conviction under that statute does not qualify as a violent felony under the ACCA. The analysis was later confirmed by two published opinions of the Ninth Circuit: *United States v. Robinson*, 869 F.3d 933 (9th Cir. August 25, 2017) and *United States v. Slade*, 873 F.3d 712 (9th Cir. October 10, 2017).

The court finds Defendant diligently pursued his rights, and was actively dissuaded from filing a timely motion by the erroneous advice of appointed counsel. Accordingly, equitable tolling is appropriate and the court finds the Motion is not time-barred.

**C.  Appellate Waiver**

"A waiver of appellate rights 'is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *U.S. v. Medina-Carrasco*, 815 F.3d 457, 461 (9th Cir. 2015). However, an otherwise valid waiver will not be enforced if the sentence violates the law. *U.S. v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the constitution." (*Id.*). Dublin contends both that his sentence is unconstitutional in light of *Johnson*, and exceeds the statutory maximum ten years.

The parties do not dispute the waiver contained in the Plea Agreement was knowingly and voluntarily made. The issue is whether the waiver should be enforced. The Government argues the appellate waiver is enforceable because "Defendant was sentenced to a term of imprisonment below the statutory maximum" and his sentence does not violate the constitution. (ECF No. 89 at 14).

The statutory maximum penalty for being a Felon in Possession is 10 years imprisonment. *See* 18 U.S.C. § 924(a)(2). However, if the defendant is found to be an Armed Career Criminal, the statutory **minimum** is 15 years imprisonment and the statutory maximum is life imprisonment. *See* 18 U.S.C. § 924(e)(1). Defendant's claim is

ORDER - 8

he is not an Armed Career Criminal and his sentence is unconstitutional.  If Defendant prevails on the merits of this Armed Career Criminal issue, the sentence he received exceeds the ten year statutory maximum.

The Plea Agreement provides, at Paragraph 17, the following: Defendant "expressly waives his right to file any post-conviction motions attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based upon information not now known by the Defendant, and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes the sentence." (ECF No. 60 at ¶ 17). A defendant may waive the statutory right to file a § 2255 petition challenging his sentence, if he does so expressly, and knowingly and voluntarily enters into the plea agreement. *United States v. Reves*, 774 F.3d 562, 566 (9th Cir. 2014) citing *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

It may be the intent of the Plea Agreement was to waive any Section 2255 motion except one based on ineffective assistance and based on factual information not known to the Defendant.  However, the phrase "based upon information not now known" could be construed to encompass changes in the law. *Johnson* had not been decided when Defendant entered his plea in May 2013, nor for that matter was the Supreme Court's decision in *Descamps v. United States*,133 S.Ct. 2276 (2013) in existence at the time of his plea.  The court construes this ambiguity in favor of the Defendant, and does not enforce the waiver.  Further, if Defendant does not fall under the ACCA sentencing enhancement, then his maximum sentence was ten years and he has been subjected to a sentence exceeding the permissible statutory penalty.  Additionally, Defendant argues his sentence is in violation of the Constitution. See *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016)(an appellate waiver will not be enforced "if a defendant's sentence is illegal, which includes a sentence that violates the Constitution").

## D. Procedural Default

A motion under 28 U.S.C. § 2255 may be denied as procedurally defaulted if the claim presented in the motion was not raised on direct appeal. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). However, a defendant may overcome procedural default by showing "cause and prejudice." (*Id*.). A similar question was presented in *Agtuca v. United States*, 2018 WL 2193134 (W.D. Wa. May 14, 2018), where Agtuca brought a 2255 motion based on *Johnson* and challenged a prior Washington Second-Degree Assault conviction. Agtuca had not raised the claim on direct appeal, and the Government did not contest prejudice, but asserted Agtuca could not show cause. The court found Agtuca had established cause because *Johnson* "explicitly overruled previous Supreme Court precedent, and the basis for making the claim was not reasonably available at the time of Mr. Agtuca's previous proceeding." *Id*. at *2.

Other courts have reached the same conclusion. "A defendant can show cause where a claim is so novel that its legal basis was not reasonably available to counsel. That is certainly the case here where, as the D.C. Circuit recently noted, no one could reasonably have anticipated *Johnson*." *United States v. Wilson*, 249 F.3d 305, 315 (D.D.C. 2017)(internal quotations and citations omitted). Prior to *Johnson*, the Supreme Court had rejected challenges to the ACCA's residual clause. Defendant has established cause. To establish prejudice, a defendant must show at least a reasonable probability that, but for the errors, the result of the proceeding would have been different. *Id*. at 315. Prejudice is obvious. The ACCA subjected Defendant to a 15-year mandatory <u>minimum</u>. Absent application of the ACCA, the statutory <u>maximum</u> would have been 10-years. *Id*. The court finds no procedural default bar to adjudication of the claim on the merits.

## E. The Merits - Second Degree Assault Not A "Violent Felony" Under ACCA

Defendant asserts his claim relies on *Johnson*, which is indisputably a new rule of constitutional law that has been made retroactively applicable to cases on collateral

review. *Welch v. U.S.*, 136 S. Ct. 1257 (2016). The Government argues his claim is based on *Descamps* and *Mathis*. (ECF No. 89, p. 2). A claim based on *Descamps v. U.S.*, 570 U.S. 254 (2013), does not present a constitutional claim, and *Descamps* is not retroactively applicable to cases on collateral review. See *Ezell v. U.S.*, 778 F.3d 762 (9th Cir. 2015).

In *U.S. v. Geozos*, 870 F.3d 890, 894 (9th Cir. 2017) the Ninth Circuit addressed this issue: "When a defendant was sentenced as an armed career criminal, but the sentencing court did not specify under which clause(s) it found the predicate "violent felony" convictions to qualify, how can the defendant show that a new claim 'relies on' *Johnson*, a decision that invalidated only the residual clause." The Ninth Circuit concluded that "when it is unclear from the record whether the sentencing court relied on the residual clause, it necessarily is unclear whether the court relied on a constitutionally valid or a constitutionally invalid legal theory." *Id.* at 895.

In determining whether a claim relies on *Johnson*, the court may consider "both the record before the sentencing court and the relevant background legal environment at the time of sentencing." *U.S. v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017). The record in this matter does not contain a specific discussion of Defendant's predicate offenses or the court's finding thereon at the time of sentencing. The Government acknowledges at the time of sentencing in 2013, Washington Second Degree Assault qualified as a violent felony under the ACCA based on both the "elements clause" and the "residual clause". (ECF No. 89, p. 5). In a 2006 unpublished case, the Ninth Circuit had found Washington Second Degree Assault qualified under the residual clause, and in a 2010 published case, found it qualified under the elements clause. See *United States v. Harrison*, 179 Fed.Appx. 411 (9th Cir. 2006); *United States v. Jennen*, 596 F.3d 594 (9th Cir. 2010).

In *Geozos*, the sentencing court found the defendant was an Armed Career Criminal, but did not specify which prior convictions served as predicates or which part(s) of the "violent felonies" or "serious drug offenses" definition it relied upon. (870 F.3d at 893).

ORDER - 11

The defendant in *Geozos* had six convictions that could have qualified as predicates: (1) third degree assault in Alaska; (2) possession of cocaine in Florida; (3) burglary in Florida; (4) armed robbery in Florida; (5) robbery and using a firearm in the commission of a felony in Florida; and (6) armed robbery in Florida. (*Id.*). The Ninth Circuit determined the sentencing court's Armed Career Criminal determination may have relied on the residual clause because "[a]t the time Defendant was sentenced in 2007, neither this court nor the Supreme Court had held that either Florida robbery or armed robbery qualified as a 'violent felony.'" (*Id.* at 897). Further, the court stated: "We had held (or suggested in dicta) that other states' robbery statutes described 'violent felonies' under the force clause, <u>and</u> under the residual clause." (*Id.*)(internal citations omitted). Considering the background legal environment, and the sentencing record, the Ninth Circuit concluded it was unclear whether the district court had relied on the residual clause and thus defendant's claim relied on *Johnson*.

In 2013, at the time this court sentenced Defendant, there were Ninth Circuit cases finding Washington Second Degree Assault qualified as a violent felony under <u>both</u> the elements clause and the residual clause. This court was not presented with the issue, as the parties agreed Defendant's convictions qualified and entered into an agreed sentencing recommendation in an 11(c)(1)(C) Plea Agreement. One could argue that as *Jennen* was a published decision, and *Harrison* was unpublished, this court would have relied on *Jennen*, and thus not rested its decision on the residual clause. However, the record is unclear and "when it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim relies on the constitutional rule announced in *Johnson*." *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017); <u>see also</u> *United States v. Wilson*, 249 F.Supp.3d 305, 313 (D.D.C. 2017)("the Court concludes that defendant may bring a *Johnson* claim without establishing that the sentencing judge actually relied on the

ORDER - 12

residual clause")(collecting cases); *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017)("when an inmate's sentence may have been predicated upon the application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in *Johnson*, the inmate has shown he 'relies on' a new rule of constitutional law"); *Bevly v. United States*, 2016 WL 6893815 (E.D. Mo. 2016)("in a situation where the Court cannot determine under what clause the prior offenses were determined to be predicate offenses, the better approach is for the Court to find relief is available, because the Court may have relied on the unconstitutional residual clause.").

The ultimate merits issue–are Dublin's prior convictions for Washington Second Degree Assault qualifying predicate offenses under the ACCA-- is fairly simply resolved by recent Ninth Circuit precedent. First in *Harrison*, 691 Fed.Appx. 440 (9th Cir. May 24, 2017)(unpublished), and then in two subsequent published opinions, the Ninth Circuit held convictions for Washington Second Degree Assault do not qualify as crimes of violence/violent felonies under the sentencing guidelines/ACCA. In *Harrison*, the Government conceded Washington's Second Degree Assault statute was "overbroad" and the court found the statute "indivisible": "Because Washington's second-degree assault statute is overbroad and indivisible, Harrison's conviction under that statute does not qualify as a violent felony under the ACCA." *Id*. at 441.

In *United States v. Robinson*, 869 F.3d 933, 934 (9th Cir. August 25, 2017), the court addressed the question of whether Washington second-degree assault "is a crime of violence within the meaning of section 2K2.1 of the U.S. Sentencing Guidelines." The court applied the categorical approach, as set forth in *Taylor* v. *United States*, 495 U.S. 575 (1990), *Descamps v. United States,* 133 S.Ct. 2276 (2013), and *Mathis v. United States,* 136 S.Ct. 2243 (2016), and answered the question in the negative. The Government argued the statute was divisible and a conviction under RCW 9A.36.021(1)(a) qualified. The *Robinson* court rejected the argument, finding once again

ORDER - 13

the statute was indivisible. The Ninth Circuit found the subsections of RCW 9A.36.021 listed "alternative means", not elements, and thus was indivisible. The court cited to Washington state cases and pattern jury instructions in making this determination. The *Robinson* court also declined to follow *United States v. Lawrence*, 627 F.3d 1281 (9th Cir. 2010)(holding a conviction under RCW 9A.36.021(1)(a) was a violent felony under the ACCA), finding the *Lawrence* decision was irreconcilable with *Descamps* and *Mathis*.

In *United States v. Slade*, 873 F.3d 712 (9th Cir. 2017), the court adhered to the analysis set forth in *Harrison* and *Robinson*, and explicitly overruled *United States v. Jennen*, 596 F.3d 594 (9th Cir. 2010). In *Slade*, defendant's presentence investigation report showed he had "pleaded guilty to violating section 9A.36.021(1)(c), assault with a deadly weapon." 873 F.3d at 714. The court noted that according to the judgment and information in the underlying case, defendant had "produced a gun and shot a man." *Id*. at n. 2. The district court applied the modified categorical approach and found the conviction was for a crime of violence. The Ninth Circuit reversed. The Ninth Circuit applied the categorical approach and once again found Washington's second-degree assault statute was overbroad and indivisible. See also *United States v. Ryncarz*, 697 Fed.Appx. 495 (9th Cir. 2017)("Ryncarz's second-degree assault convictions [RCW § 9A.36.021] cannot serve as predicates under the ACCA.").

All of Dublin's qualifying predicate convictions at sentencing were for Washington Second Degree Assault. The Ninth Circuit has repeatedly and definitively stated RCW 9A.36.021 is overbroad and indivisible and a conviction thereunder no longer qualifies as a "violent felony" under the ACCA or "crime of violence" under the Guidelines. Dublin had four prior convictions for violation of 9A.36.021. Defendant's state court judgments specifically state Defendant was convicted of Second Degree Assault in violation of "[RCW] 9A.36.021(1)(c)" in both counts I and II. *See* (ECF No. 89-1 at 4); (ECF No. 89-2 at 8-9). The subsection cited is Second Degree Assault with a Deadly Weapon. RCW

ORDER - 14

9A.36.021(1)(c). Additionally, the two convictions in the 2001 case were the result of a bench trial wherein the trial court found Defendant used a firearm when he committed Second Degree Assault with a Deadly Weapon. (ECF No. 89-2 at 9).

Dublin's conviction under subsection (1)(c) is the specific subsection found not to qualify as a crime of violence in *Slade*, despite the underlying state court documents reflecting Slade had shot a man. The Supreme Court has advised the underlying facts do not matter for purposes of the categorical approach. <u>See for example</u> *Mathis v. United States*, 136 S.Ct. 2243, 2251 (2016)("How a given defendant actually perpetrated the crime ...makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence."). Further, the Ninth Circuit has found RCW 9A.36.021 indivisible and overbroad, so the court is precluded from evaluating the specific subsections and underlying state court documents. This court's conclusion that Dublin's convictions under RCW 9A.36.021 do not qualify as violent felonies under the ACCA is compelled by recent precedent.

The Supreme Court has developed a two-pronged approach to determining whether convictions are "crimes of violence." *Mathis v. U.S.*, 136 S. Ct. 2243, 2248-49 (2016). Under the "categorical" approach, the court must "focus solely on whether the elements of the crime of conviction sufficiently match the elements" of the federal generic equivalent. (*Id.* at 2248); *see also*, (*id.*) (Explaining the elements are "what the jury must find beyond a reasonable doubt to convict the defendant"). Only if the statute is divisible, that is, the statute lists "elements in the alternative, and thereby defines multiple crimes", may the court engage in the "modified" categorical approach and look at specific documents to determine if the defendant committed a crime falling within the federal definition of violent felonies. (*Id.* at 2249). The Ninth Circuit has held the Washington Second Degree Assault statute, RCW 9A.36.021, is categorically overbroad and indivisible because it sets forth alternative means of committing the crime, and jury unanimity is not required on the

ORDER - 15

means used to commit the offense. See *Robinson*, 869 F.3d at 937-41; *Slade*, 873 F.3d at 714-16. Dublin's four convictions for second-degree assault under RCW § 9A.36.021 do not qualify as "violent felonies" under the ACCA.

### IV.  Conclusion

If sentenced today, it is entirely clear, based on recent precedent, Dublin would not qualify for sentencing enhancement under the ACCA. Thus, he would face a maximum sentence of ten years, rather than a mandatory minimum sentence of fifteen years. However, Defendant was sentenced in 2013, at a time when the state of the law was different, and Defendant faced several procedural hurdles to advancing the instant claim. Most significant was the 1-year statute of limitations under § 2255(f). This court concludes that equitable tolling is appropriate, given Dublin could have filed a timely *Johnson* motion in March/April 2016 when he was represented by appointed counsel. However, counsel did not file a motion and actively dissuaded Dublin from filing a pro se motion. Despite this action by counsel, Dublin continued to monitor case law developments and filed his own pro se motion.

Defendant's four prior convictions for Washington second-degree assault no longer qualify as violent felonies under the ACCA, 18 U.S.C. § 924(e), and accordingly Defendant's Motion is granted and the matter will be set for resentencing.

The resentencing schedule shall be set after counsel for the Defendant has conferred with Mr. Dublin and advised the court on the following issues:

1. Does the Defendant wish to be transported back to Spokane, Washington for an appearance in person at resentencing;

2. Does the Defendant wish to waive a personal appearance at resentencing and telephonically appear at his present BOP location for resentencing.

**IT IS HEREBY ORDERED**:

1. The Motion to Vacate (ECF No. 83) is **GRANTED**.

2. Resentencing in this matter shall be set by the court for a future date after the personal appearance matter is resolved. On or before **November 2, 2018**, Defendant shall file a notice of whether he wishes to appear in person or waive personal in-court appearance and instead appear via telephone.

3. The United States Probation Office shall prepare an Amended Presentence Investigation Report ("PSR") which does not contain the ACCA enhancement. The PSR shall be provided to the court and the parties no later than **November 6, 2018**. Any objection to the PSR shall be communicated to the Probation Officer on or before **November 20, 2018**. Any unresolved objections, for the court's determination, shall be filed with the court no later than **December 3, 2018**.

4. The parties may file additional sentencing memoranda or other materials relevant to sentencing. The parties may wish to file information pertaining to Defendant's conduct while incarcerated–including educational or vocational activities, treatment or counseling records, and any disciplinary record. Any memoranda or other materials shall be filed at least ten (10) days prior to the resentencing date.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel, to the Defendant, and the U.S. Probation office.

Dated October 11, 2018.

s/ Justin L. Quackenbush  
JUSTIN L. QUACKENBUSH  
SENIOR UNITED STATES DISTRICT JUDGE